(October 23, 1997)

█ MYSTIC CAB CORP. et al., Respondents, v NEW YORK CITY TAXI AND LIMOUSINE COMMISSION, Appellant. [663 NYS2d 538] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about March 16, 1995, which granted the petition to annul respondent's determination dated July 14, 1994, revoking petitioners' licenses to own taxicab medallions and directing them to sell their medallions, unanimously reversed, without costs, and the petition dismissed.

After administrative hearings, respondent issued a determination ordering petitioners to divest themselves of their interest in taxicab medallions on the ground that fraudulent Workers' Compensation insurance certificates had been submitted by their agents to respondent in violation of Taxicab Owners Rules (35 RCNY) § 1-43. The IAS Court found that, while respondent's enabling statute (Administrative Code of City of NY § 19-506 [a]) authorizes the agency to promulgate rules imposing strict liability, respondent could not hold petitioners strictly liable for the particular violations charged. In reaching this conclusion, the court erroneously relied upon language explaining the purpose behind an unrelated rule that was mistakenly cited to the court by the parties; that language speaks of an owner's strict liability for "operating conditions" of a taxicab, a category that does not encompass the activity at issue here.

In fact, section 1-50 (b) provides specifically that even where owners lease their taxicabs, "[r]egardless of the terms of the lease, the owner is responsible for complying with *all* laws, rules and regulations governing owners" (35 RCNY 1-50 [b]; emphasis added). The "Statement of Basis and Purpose" accompanying this rule when it was adopted in final form refers to the need to address the growing problem of owners who disclaim responsibility for violations of Taxi and Limousine Commission (TLC) rules because of their leasing arrangements (City Record, Dec. 8, 1989, at 3347). Similarly, section 1-58 (a) provides that "[t]he designation of an agent shall not relieve the owner of any obligations under these rules," and the "Statement of Basis and Purpose" of this rule speaks of making owners more "accountable" to the public and the Commission (City Record, Dec. 8, 1989, at 3348). The intent of these rules, by their plain language and underscored by their Statements of Basis and Purpose, is clearly to hold owners strictly responsible for compliance with all TLC rules and regulations. Accordingly, there was a rational basis for respondent's determination holding petitioners strictly liable (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 231), and there is no reason to disturb that finding. Nor do we find that the penalties imposed were " 'so disproportionate to the offense * * * as to be shocking to one's sense of fairness' " (*supra,* at 233). Accordingly, the petition to annul the determination should have been dismissed.

Motion denied insofar as leave to appeal to the Court of Appeals is sought and granted insofar as reargument is sought. This Court's unpublished decision and order entered February 27, 1997 (Appeal No. 59662) is recalled and vacated and a new

decision and order, entered simultaneously herewith, substituted therefor. Concur—Murphy, P. J., Milonas, Rosenberger, Ellerin and Williams, JJ.