In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), entered September 16, 2011, which denied its motion for summary judgment on the complaint and, in effect, upon searching the record, awarded summary judgment in favor of the defendant dismissing the complaint.
Ordered that the order is affirmed, with costs.
Elie Nemorin owned a New York City taxicab medallion issued by the New York City Taxi and Limousine Commission (hereinafter TLC). On July 1, 2000, Nemorin entered into a management agreement with the plaintiff, Baron Leasing Corp. (hereinafter Baron), pursuant to which Nemorin granted to Baron the exclusive authority to manage and lease the medallion on Nemorin’s behalf.
Nemorin died on October 19, 2008. Nemorin’s daughter, the defendant, Carline Nemorin Raphael, was appointed the administrator of Nemorin’s estate on June 24, 2009. Raphael did not communicate with Baron regarding Nemorin’s death until December 28, 2009, more than one year after Nemorin had died. At this time, Raphael advised Baron to place the medallion in storage with TLC, as mandated by TLC rules (see *764 35 RCNY former 1-82 [b]; 35 RCNY 58-48 [c] [4]). However, Raphael did not require Baron to place the medallion in storage by a date certain until she subsequently directed Baron to do so by January 29, 2010. During the time the medallion remained in operation following Nemorin’s death, the estate had continued to receive monthly lease payments pursuant to the management agreement, until at least December 2009.
Baron commenced this action against Raphael, both individually and as administrator of Nemorin’s estate, alleging, inter alia, that Raphael breached the management agreement by requiring it to place the medallion in storage before the expiration of the management agreement, thereby depriving Baron of prospective income. Baron subsequently moved for summary judgment on the complaint. The Supreme Court denied Baron’s motion and, in effect, upon searching the record, awarded summary judgment in favor of Raphael dismissing the complaint.
Baron failed to establish its prima facie entitlement to judgment as a matter of law. Pursuant to TLC rules, at the expiration of a statutorily mandated 120-day grace period following Nemorin’s death, Nemorin’s estate was required to place the medallion in storage, as, during that time, Raphael had not yet been appointed administrator of the estate, and no new owner had been qualified to operate the medallion (see 35 RCNY former 1-82 [b]; 35 RCNY 58-48 [c] [4]). At the expiration of a statutorily mandated 180-day period following Nemorin’s death, Nemorin’s estate was required to place the medallion in storage until it was transferred to a transferee approved by the TLC, since, within that time, Raphael had not yet been appointed administrator of the estate, and no new owner had been qualified to operate the medallion (see 35 RCNY former 1-82 [c]; 35 RCNY 58-48 [c] [5]). Thus, by the time Raphael, as administrator, required Baron to place the medallion in storage on January 29, 2010, the medallion had been in continued operation since Nemorin’s death for more than one year, far in excess of the 120-day and 180-day periods within which Nemorin’s estate was required by the TLC to place the medallion in storage. Since the placement of the medallion in storage was mandated by TLC regulations, Raphael did not breach the management agreement by compelling Baron to place the medallion in storage before the expiration of the agreement, as compliance with the regulations rendered continued performance under the terms of the agreement impossible (see 35 RCNY former 1-50; 35 RCNY 58-16; Mystic Cab Corp. v New York City Taxi & Limousine Commn., 243 AD2d 353, 354 [1997]), and there no triable issues of fact in that regard.
*765 Baron’s remaining contentions are without merit.
Accordingly, the Supreme Court properly denied Baron’s motion for summary judgment on the complaint and, in effect, upon searching the record, awarded summary judgment in favor of Raphael dismissing the complaint. Mastro, J.P., Skelos, Leventhal and Chambers, JJ., concur.